SUSAN REYNOLDS CHERRIE, Plaintiff, *v.* FRANK REY-NOLDS, Defendant.*

(Supreme Court, Kings Special Term, April, 1919.)

*Fraud — agreement with executor for division of balance of a savings bank deposit set aside.*

ACTION to set aside as fraudulent an agreement between the parties hereto.

Edwin F. Driggs, for plaintiff.

Mullen & Bloch, for defendant.

VAN SICLEN, J. The court finds no difficulty in holding that the savings bank deposit or account in trust for plaintiff created an absolute trust for the balance on hand at the death of the depositor in her

---

*Affirmed by the Appellate Division, Second Department, October 17, 1919, on the opinion below.— [REPR.

favor and that plaintiff was thereupon entitled to the same. *Matter of Totten,* 179 N. Y. 112. The defendant herein is the brother of the decedent depositor and the executor of his last will and testament, and the plaintiff is the granddaughter of decedent, who brings this action to set aside as fraudulent an agreement entered into by and between plaintiff and defendant, individually and as executor of decedent, made some four years after said decedent's death, whereby the plaintiff and defendant agreed to equally divide the balance of said savings bank account. The evidence discloses that the defendant had the savings bank book in his possession for at least two years, and although he swears that plaintiff and her attorney had mentioned or made claim to a savings bank account neither he nor his attorney had notified plaintiff or her attorney of the discovery thereof until on or about the execution of the said agreement, which was accomplished under circumstances and conditions at least suspicious and peculiar and without notice to plaintiff's attorney. Obviously, the defendant, either individually or as executor, had no claim to or against said savings bank account, and said agreement thus obtained by him for the defendant was not only without consideration, but was not just, fair and equitable and amounted to a fraud, which a court of equity should not enforce. Judgment is therefore directed in favor of the plaintiff.

Judgment accordingly.